# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

POLLY A. WALDEN

       Plaintiff,

    v.                                                                                     No. 2:22-cv-00863-KWR-GBW

DOLGENCORP, LLC, *d/b/a/*
DOLLAR GENERAL CORPORATION,
and LORENA CRUZ,

       Defendants.

## ORDER DENYING MOTION TO REMAND

**THIS MATTER** comes before the Court upon Plaintiff's Motion to Remand (**Doc. 16**). Having reviewed the parties' briefs and applicable law, the Court finds that Plaintiff's Motion is not well taken and, therefore, is **DENIED.**

Plaintiff argues that Defendant Dolgencorp, LLC failed to timely consent to removal, and therefore, there was a lack of unanimity in removal pursuant to § 1446(b)(2)(A), a procedural defect warranting remand. 28 U.S.C. § 1446(b)(2)(A) requires that "all defendants who have been properly joined and served must join in or consent to the removal of the action". "[T]he failure to comply with these express statutory requirements for removal can fairly be said to render the removal 'defective' and justify a remand." *Huffman v. Saul Holdings Ltd. P'shp,* 194 F.3d 1072, 1077 (10th Cir.1999) (quotation omitted). "[L]ack of unanimity is a procedural defect clearly established by statute as precluding removal." *Harvey v. UTE Indian Tribe of the Uintah & Ouray Rsrv.*, 797 F.3d 800, 805 (10th Cir. 2015). As explained below, Dolgencorp's consent

was not untimely, as it consented through counsel in an affidavit attached to the notice of removal.

Generally, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).  A notice of removal must be filed within thirty days after receipt by the defendant of a copy of a pleading or other paper from which it may first be ascertained that the case is one which is removable. 28 U.S.C. § 1446(b). "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A).  A notice of removal must be filed within thirty days after receipt of service by the removing defendant. *See* 28 U.S.C. §§ 1446(b)(1) and 1446(b)(2)(B).

Section 1446(b)(2)(C) provides:

> (C) If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal.

28 U.S.C. § 1446(b)(2)(C).

"The failure of one defendant to join in [or consent to] the notice renders the removal notice procedurally defective, which requires that the district court remand the case." *Brady v. Lovelace Health Plan*, 504 F.Supp.2d 1170, 1172–73 (D.N.M.2007) (quoting *Cornwall v. Robinson*, 654 F.2d 685, 686 (10th Cir. 1981)).  This rule is commonly known as the "unanimity rule." *See Brady*, 504 F.Supp at 1173.

The Court follows the "last-served rule" pursuant to § 1446(b)(2)(C) where "the clock begins running on each defendant to either remove a case or join a removal petition when [the

last] defendant receives formal service of process." *Sawyer v. USAA Ins. Co.*, 839 F. Supp. 2d 1189, 1208 (D.N.M. 2012). "[T]he Court reads…the structure of 28 U.S.C. § 1446(b)[] to stand for the proposition that when there are multiple defendants, all served defendants must consent to removal within thirty days from when the last defendant was served." *Zambrano v. New Mexico Corr. Dep't*, 256 F. Supp. 3d 1179, 1184 (D.N.M. 2017), *citing Hurt v. D.C.*, 869 F.Supp.2d 84, 86 (D.D.C. 2012) ("Nonetheless, removal to federal court additionally requires a timely demonstration of consent from *all* served defendants within thirty days of service of the complaint, under the widely recognized "rule of unanimity.").

    Here, it is undisputed that Defendant Cruz timely filed a notice of removal within 30 days of being served, November 14, 2022. Plaintiff appears to argue that Defendant Dolgencorp did not give its consent to removal in an acceptable form until one day after the 30-day deadline ran, November 15, 2022. *See* **Doc. 10** (Dolgencorp's notice of consent, filed one day after removal). The Court concludes that Defendant Dolgencorp timely consented to removal, and therefore the Defendants unanimously consented to removal. In both the notice of removal and in an affidavit attached to the notice of removal, counsel stated that Dolgencorp consented to removal. *See* **Doc. 1** (notice of removal indicating that Dolgencorp consents to removal), *citing to* **Doc. 1-2** (Attorney Affidavit) ("Civerolo, Gralow, & Hill, P.A., is counsel of record for Defendant Dolgencorp d/b/a Dollar General Corporation ("Defendant Dolgencorp"). Defendant Dolgencorp consents to removal."). Counsel also stated in the affidavit that he represented Dolgencorp. *Id.* At the same time, counsel entered his appearance on behalf of Dolgencorp. **Doc. 5.** Therefore, the Court concludes that the Defendants unanimously and timely consented to removal pursuant to 28 U.S.C. § 1446(b).

Plaintiff next argues that this case should be remand because Defendants failed to file all "records and proceedings from the state court action within twenty-eight (28) days after filing notice of removal." D.N.M. LR-Civ. 81.1(a). This case was removed on November 14, 2022, but Defendants did not file the state court documents until December 19, 2022. *See* **Doc. 18.** Plaintiff does not cite to any authority that the failure to timely file the state court documents within 28 days was grounds to remand a case. Rather, "[a] removing defendant's failure to attach to its notice of removal the required state-court documents—in particular, a summons—is a procedural defect that can be cured, either before or after the 30–day removal period." *Sheldon v. Khanal*, 502 F. App'x 765, 770 (10th Cir. 2012), *citing Countryman v. Farmers Ins. Exchg.*, 639 F.3d 1270, 1273 (10th Cir.2011) (per curiam) (agreeing with majority view that "a removing party's failure to attached the required state court papers to a notice of removal is a mere procedural defect that is curable" before or after 30 day removal period). Here, Defendants cured the procedural defect by filing the state court documents on December 19, 2022.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Remand **(Doc. 16)** is hereby **DENIED** for the reasons described in this order.

**IT IS SO ORDERED.**

_____
**KEA W. RIGGS
UNITED STATES DISTRICT JUDGE**