IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

POLLY A. WALDEN,

      Plaintiff,

v.                                                                                          No. 2:22-cv-0863 KWR/DLM

DOLGENCORP, LLC d/b/a
DOLLAR GENERAL CORPORATION
and LORENA CRUZ,

      Defendants.

## ORDER TO AMEND NOTICE OF REMOVAL

THIS MATTER comes before the Court sua sponte. Defendant Lorena Cruz removed this action to federal court on November 14, 2022, citing diversity jurisdiction. (Doc. 1 at 1–2.) "Federal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may sua sponte raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" *Image Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)). Having considered Cruz's Notice of Removal and the applicable law, the Court finds that the Notice fails to allege facts necessary to sustain diversity jurisdiction.

Federal "district courts . . . have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a)(1). "When a plaintiff files in state court a civil action over which the federal district courts would have original jurisdiction based on diversity of

citizenship, the defendant . . . may remove the action to federal court . . . ." *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1076 (10th Cir. 1999) (quoting *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996)). The defendant, as the removing party, "bear[s] the burden of establishing jurisdiction by a preponderance of the evidence." *Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) (citation omitted).

Here, the Notice of Removal asserts that Walden is a citizen of New Mexico; Cruz is a citizen of Texas; and "Dolgencorp, LLC [doing business as (d/b/a)] Dollar General Corporation is a Kentucky corporation with its principal place of business in Tennessee." (Doc. 1 ¶¶ 6–8 (citing Docs. 1-A ¶ 2; 1-C ¶ 11; 1-D).) The assertion regarding Dolgencorp, LLC would be sufficient if it were a *corporation*, as a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." *See* 28 U.S.C. § 1332(c). Yet Dolgencorp, LLC's assertion that it is "doing business as" Dollar General Corporation "does not create an entity distinct from the person operating the business . . . ." *See Childress v. Deering*, No. 1:18-CV-00455 LF-KBM, 2019 WL 409825, at *5 (D.N.M. Jan. 29, 2019) (quotation omitted). Such a "business name is a fiction, and so too is any implication that the business is a legal entity separate from its owner[,]" which in this case is a limited liability corporation. *See id.* (quotation omitted).

For the purpose of establishing diversity jurisdiction, "[a]n LLC, as an unincorporated association, takes the citizenship of all its members." *Gerson v. Logan River Acad.*, 20 F.4th 1263, 1269 n.2 (10th Cir. 2021) (quoting *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015)). In *Gerson*, the complaint "recognized that [the defendant,] Logan River[,] is organized as a Utah LLC, yet it characterized Logan River as a traditional corporation incorporated in the State of Utah for purposes of invoking federal jurisdiction." *Id.* The Tenth

2

Circuit found that this was error and required the plaintiff to identify the citizenship of the LLC's members to establish diversity jurisdiction. *Id.* The Court will require the same here. Despite the moniker "Dollar General *Corporation*," Dolgencorp, LLC is a *limited liability company* that must establish jurisdiction by offering evidence of the citizenship of each member of the LLC. *See id.*

Additionally, Federal Rule of Civil Procedure 7.1(a)(2) requires that when a lawsuit is removed to a federal district court based on diversity, "a party or intervenor must, unless the court orders otherwise, file a disclosure statement" that names and identifies "the citizenship of every individual or entity whose citizenship is attributed to that party or intervenor." Fed. R. Civ. P. 7.1(a)(2) (hyphen omitted). Because it does not appear that Dolgencorp, LLC has filed such a disclosure statement, the Court is unable to determine its citizenship. The Court will allow Defendants the opportunity to remedy these defects. *See* 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."); *De La Rosa v. Reliable, Inc.*, 113 F. Supp. 3d 1135, 1157 (D.N.M. 2015) (noting that "[t]he Tenth Circuit has allowed defendants to remedy defects in their petition or notice of removal") (gathering cases).

**THEREFORE,**

**IT IS ORDERED** that Defendant Cruz shall file an amended Notice of Removal to properly allege facts sufficient to establish diversity jurisdiction, if such allegations can be made in compliance with the dictates of Federal Rule of Civil Procedure 11, no later than **April 25, 2023**.

**IT IS FURTHER ORDERED** that Defendant Dolgencorp, LLC shall file a disclosure statement pursuant to Rule 7.1(a)(2) no later than **April 25, 2023**.

**IT IS FURTHER ORDERED** that if Defendants fail to comply with this order, the Court may remand this action back to state district court.

_____
DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE